By the Court.—Monell, Ch. J.
The written notice from the defendant to the plaintiffs not to furnish ' goods to’his wife on his credit, absolves him from lia- , bility for the goods in question, unless they fall under-the denomination of “necessaries,” which, notwithstanding the position of the marital relation of the d - - fendant and his wife, existing at the time, he was bmnd to furnish.
At the time the goods were furnished, an action on behalf of his wife for a limited divorce was pending, against the defendant. In it a reference had been made to ascertain what would be a suitable amount of temporary alimony, and the referee’s report, fixing the sum at fifty dollars a week, had been made, but- had not been confirmed, nor had any money been paid - on *121 account thereof. The referee’s report was subsequently confirmed, and the alimony paid. But at the time the goods were purchased, no separate maintenance had been provided by the defendant: and whatever was subsequently done or paid, cannot have relation back so as to affect or prejudice the legal rights of the plaintiffs. '
There was, therefore, nothing in the situation of the divorce suit or of its proceedings at the time the goods were purchased, to wholly relieve the defendant from liability. She was stiilo his wife, and a sale to her of articles necessary for her use, which her husband had neglected or refused to supply, would impose the obligation of payment on him.
There was some evidence that he, a short time previously—between January and June, 1873—had furnished his wife with goods and wearing apparel, amounting to more than a thousand dollars. That fact, if it stood alone, would cast a heavy burthen upon the plaintiffs, and require them to.show that the goods in quest on were not alone “ necessary,” but that her husband had refused or neglected to furnish his wife with them. But it appears, without contradiction, that when the defendant’s wife 1 -ft his house, he refused to allow her to take w th he ; ny of her we v ng apparel and toilet articles, and she was obliged to leave with only the dress she had on. And the subsequent offer to restore her wardrobe, or a part of it, was made upon conditions which she was not bound o acc \ t.
Upon the whole case, therefore, there was enough to establish that the goods sold and delivered to the defendant’s wife were “ necessaries,” which he had refused and neglected to furnish; and I think the plaintiffs, upon that showing, were entitled to recover.
Th-> judgment dismissing the complaint should 1 e *122 reversed and a new trial granted, with, costs to the appellants to abide the event.
Sedgwick, J., concurred.